RATLIFF v. WESTERN UNION TELEGRAPH CO. (No. 5555.)*

(Court of Civil Appeals of Texas. Austin. Dec. 23, 1915. Rehearing Denied Feb. 23, 1916.)

1. TELEGRAPHS AND TELEPHONES ⟨⟩65—ACTION FOR DELAY—SUFFICIENCY OF PETITION —DAMAGE.

A petition alleging that the president of a bank delivered to defendant telegraph company a prepaid message addressed to plaintiff, stating that, if plaintiff would see the sender in a few days, a loan might be arranged, that defendant failed to deliver the message to plaintiff or inform him of its receipt at its office for about a month, although knowing that he resided there and might be reached by telephone, mail, or in person, that the contents notified defendant of probable loss from delay in delivery, that plaintiff had applied for a loan to purchase cattle, and then knew where he could buy them at a great bargain, that, if he had obtained the loan, he would have purchased about 1,000 head of cattle for less than their market value, that he could not elsewhere obtain the loan, that cattle he would have purchased increased in value after the message was sent, and that plaintiff had been damaged in the sum of $2,900, was insufficient as against a general demurrer, because not showing that plaintiff sustained any injury, in that it did not allege that he would have bought the cattle, the amount of profit which he would have made, where he would have purchased the cattle or to what place the market value referred, or that they would have sold for more than the cost price and the expense of feeding, transportation, etc., and did not allege the amount of the loss; the allegation of damage in the sum of $2,900 being a mere conclusion.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 54–60; Dec. Dig. ⟨⟩65.]

2. PLEADING ⟨⟩34 — DEMURRER — INTENDMENTS.

In considering the sufficiency of a petition as against a general demurrer, all reasonable intendments and implications are to be indulged in its favor.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. ⟨⟩34.]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Action by H. G. Ratliff against the Western Union Telegraph Company. Judgment for defendant sustaining general demurrer and special exception to the petition, and plaintiff appeals. Affirmed.

Scott & Foster, of Brownwood, for appellant. Arch Grinnan, of Brownwood, for appellee.

KEY, C. J. In this case the court below sustained a general demurrer and a special exception to the plaintiff's petition, and the correctness of that ruling is the only question involved in this appeal. So much of the petition as is material to this appeal reads as follows:

"(3) That on or about said date John N. Sparks, president of the Stockyards National Bank of said Ft. Worth, Tex., delivered to defendant, at Ft. Worth, Tex., a certain message, to be by it transferred and delivered to plaintiff, at Brownwood, Tex., paying therefor the toll demanded by defendant, to wit, about 50 cents; that said message was as follows, to wit: 'Fort Worth, Texas, Feb. 9th, 1914. H. G. Ratliff, Brownwood, Texas. If you can come to Fort Worth in the next few days think we can arrange for loan you wish. John N. Sparks, President'—which said message defendant then and there accepted and agreed and bound itself to transmit and deliver with reasonable diligence and dispatch to plaintiff at Brownwood, Tex.

"(4) That defendant negligently failed and refused to deliver said message to plaintiff, or to in any way apprise and inform him of its receipt at defendant's said office in Brownwood, Tex., until the expiration of about one month from the date same was so received by defendant, and not then until plaintiff learned from the sender of said message that same had been sent, and thereupon called upon defendant's agents and servants at Brownwood, Tex., when they, for the first time, informed him (plaintiff) that such message had been received by them for him, notwithstanding they well knew that he lived and resided in Brownwood, Tex., where he could be easily reached and communicated with by telephone and by mail or in person.

"(5) Plaintiff says that the contents of said message were such that any ordinarily prudent and reasonable person could understand them, and were full and ample notice to said defendant and its agents of the importance thereof, and that loss was likely to occur to plaintiff if said message was not promptly transmitted and delivered.

"(6) That at the time aforesaid plaintiff was a ranchman and stock dealer, and was an extensive buyer and seller of cattle, and a general dealer therein, as defendant well knew; that at and before the time aforesaid plaintiff had applied to said Stockyards National Bank, of which the said John N. Sparks was president, for a large loan, with which to purchase certain cattle; that said bank was doing a large business of this kind, as defendant well knew; that at the time aforesaid plaintiff knew where he could buy such cattle at a great bargain, and, if he had received said message promptly and within a reasonable time, he would have gone to Ft. Worth, Tex., and arranged for the loan referred to in said message, and would with said money thereby obtained have purchased about 1,000 head of cattle, which he would have purchased for much less than the real market value thereof.

"(7) That, notwithstanding plaintiff made diligent effort, he was unable to and wholly failed to secure or obtain said money from any other source, and therefore he could not purchase said cattle at said time and price, to his great damage.

"(8) That the cattle plaintiff would have purchased began to increase in market value shortly after the said 9th day of February, 1914, and by the time plaintiff heard and learned of the sending of said message, and that he could secure said loan, said cattle were worth on the market from $3 to $5 more than they were at the time plaintiff would have purchased them had he received said message in due time, to his great damage.

"(9) Plaintiff says that by reason of the premises he has been damaged in the sum of $2,900, and the costs of sending said message, to wit, 50 cents."

### Opinion.

The special exception asserted that the petition was insufficient, because it failed to show that the defendant had notice or knowledge of the damages sued for at the time it received the message; but, as we affirm the judgment for another reason and because the general demurrer was properly sustained, we deem it unnecessary to pass upon the question raised by the special exception.

[1] We think the general demurrer was properly sustained, because the facts alleged in the petition do not show that the plaintiff sustained any injury. It does not allege that the plaintiff would have bought the cattle and held them for breeding or any other purpose. On the contrary, it alleges that the plaintiff was extensively engaged in the business of buying and selling cattle, and the fair inference is that he intended to buy the cattle in question and sell them again in some live stock market in the due course of his business of buying and selling live stock. But, whatever may have been his purpose, the petition does not allege facts which show that he sustained a loss, either of profits that he would have made upon a resale of the cattle or by holding them for breeding purposes. So, if it be true, which we do not decide, that a merchant or banker or dealer in live stock can recover from any one who prevents him from borrowing money to add to his capital the amount of profit which he would have made by reason of such addition to his capital stock, the petition in this case falls short of disclosing a cause of action, even upon that theory. It does not allege the amount of profit which the plaintiff would have made if he had obtained the loan, and therefore it does not show that he has sustained any injury in the business in which he alleges he was engaged. The petition merely alleges that he knew where he could purchase cattle at a great bargain, and that, if the defendant had complied with its contract and promptly delivered the message, he would have procured the loan and purchased about 1,000 head of cattle for much less than their real market value. But those allegations fall short of showing that he would have made a profit upon the cattle so purchased. The petition shows that the plaintiff resides in Brown county, Tex., but it does not allege at what place he could have purchased the cattle, nor whether the market value referred to in the petition was such value at the place where he would have purchased them or at the place where he expected to sell him. But, even if those facts had been alleged, unless the petition had shown that after paying the expense of feeding and transporting the cattle to market they would have sold for more than the cost price and such additional expense, it would not have shown that the plaintiff would have made a profit. If the plaintiff had bought the cattle for less than their market value at either or both the place of purchase and the place of sale, still it may be that the additional cost of placing them upon the market would have absorbed the difference between the cost price and the amount for which they would have sold, and left no margin for profit. However, we do not mean to hold that, if the plaintiff had alleged in his petition that, if he had procured the loan referred to, he would have bought the cattle, and thereafter sold them for a specified amount of profit, it would not have been sufficient in that respect as against a general demurrer; but it contains no such averment, and therefore it fails to show that the plaintiff has sustained any loss by reason of the failure to promptly deliver the telegram. It is true that the petition alleges that, as a result of the facts stated, the plaintiff was damaged $2,900, but that allegation is a mere conclusion of the pleader. In order to state a cause of action the petition should have stated facts from which it would appear, as a matter of law, that damage had been sustained; and the mere allegation that, on account of the facts stated, damage had resulted in the sum of $2,900, cannot be considered as supplying the facts necessary to show that such damage had resulted. Hence we conclude that the plaintiff's petition is not only vague and indefinite, but wholly fails to allege certain facts necessary to constitute a cause of action. Furthermore, if it could be held that the petition, by fair inference, alleges a loss, it does not allege the amount of such loss, and therefore does not state a cause of action within the jurisdiction of the district court, unless the general averment that the plaintiff had been damaged $2,900 should be regarded as equivalent to an allegation that he would have made that much profit if appellee had complied with its contract, which we do not think is permissible.

[2] It is proper to say that, in considering the sufficiency of the petition as against the general demurrer, we have not overlooked the well-established and just rule that all reasonable intendments and implications are to be indulged in its favor; but, notwithstanding that rule, our conclusion is that the petition is so radically defective that it must be held that it does not state a cause of action; and, for that reason, we hold that the general demurrer was properly sustained, and that the judgment complained of should be affirmed; and it is so ordered.

Affirmed.